DEAN v. TERRY & TENCH CO.

(Supreme Court, Appellate Term. February 9, 1911.)

MASTER AND SERVANT (§§ 101, 102*)—MASTER'S DUTIES—NEGLIGENCE—DUE CARE.

An employer is not an insurer of the safety of his employés, but is only bound to use due care for their safety, so that a charge that, to find for the employer, the jury must find that it used all due and necessary care to insure the safety of its employés, was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 178, 179, 180–184, 192; Dec. Dig. §§ 101, 102.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Rutherford B. Dean against the Terry & Tench Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Frank V. Johnson (Murray G. Jenkins, of counsel), for appellant.
Francis X. McCollum, for respondent.

LEHMAN, J. The plaintiff was injured while in the defendant's employ by the fall of an iron girder which he was hoisting. The girder fell by reason of the breaking of a chain by which it was suspended. The action was brought under the amended liability law (chapter 352 of the Laws of 1910). The plaintiff claims that the accident occurred by reason of a defect in the chain, which could have been discovered by proper inspection, or by reason of the negligence of the defendant's foreman in directing the workmen not to insert wedges of wood between the girder and the chain, which are sometimes used to prevent any slipping and sudden strain on the chain.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

127 N.Y.S.—20

In either case the defendant is liable only for the negligence of its agents. They were bound to use reasonable care, but the defendant is not an insurer of the safety of its employés.

The record discloses no reversible errors in the admission and exclusion of evidence; but after the trial justice had charged the jury he denied a request to charge of the defendant, which was sound in substance, but improper in form, saying:

"I refuse so to charge. I will charge they must find that the defendant in this case used all due and necessary care to insure the safety of its employés."

That this charge was incorrect, of course, admits of no argument. The plaintiff, however, claims that, if read in connection with the whole charge, it was not prejudicial, because it clearly appears that the judge did not mean to take from the jury the question of whether the defendant was negligent. While I have no doubt that the judge did not mean to imply what these words say, I have also no doubt that, even in connection with the whole charge, they produced a wrong impression of the law upon the jury. Nowhere does the judge explain that negligence means the failure to use reasonable care, and the charge seems almost throughout to imply that it was the duty of the defendant to insure the safety of its employés, so far as it could be done by the exercise of care, and that the jury must find that the defendant was negligent if it failed to use the greatest possible foresight.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.